IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROADCAST MUSIC, INC.; UNIVERSAL-       )
SONGS OF POLYGRAM INTERNATIONAL,        )
INC.; WARNER-TAMERLANE PUBLISHING       )
CORP.; SONY/ATV SONGS LLC d/b/a SONY/   )
ATV TREE PUBLISHING; WELSH WITCH        )
MUSIC; SONY/ATV SONGS LLC; THE          )
BERNARD EDWARDS COMPANY LLC;            )
COMBINE MUSIC CORP.; PAUL SIMON         )
MUSIC; GIBB BROTHERS MUSIC;             )
CROMPTON SONGS; JOHN SEBASTIAN          )
MUSIC; SEASONS FOUR MUSIC; SCREEN       )
GEMS-EMI MUSIC, INC.; STONE DIAMOND     )
MUSIC CORP.; MAN-KEN MUSIC LTD.; EMI    )
BLACKWOOD MUSIC, INC.; LESS THAN        )
ZERO MUSIC; SOUTHFIELD ROAD             )
MUSIC; FAKE AND JADED MUSIC,            )
                                        )
                    Plaintiffs,         )
                                        )
         v.                             )    CIVIL ACTION NO.
                                        )
KATSAROS, INC. d/b/a YORGOS RESTAURANT  )
AND LOUNGE a/k/a YORGOS; and GEORGE     )
KATSAROS, individually,                 )
                                        )
                    Defendants.         )

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Combine Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Paul Simon Music is a sole proprietorship owned by Paul Simon. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff John Sebastian Music is a sole proprietorship owned by John Sebastian. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Seasons Four Music is a partnership owned by Robert Gaudio and Frankie Valli. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Man-Ken Music Ltd. is a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Less Than Zero Music is a sole proprietorship owned by Jonathan Siebels. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Southfield Road Music is a sole proprietorship owned by Tony Fagenson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff Fake and Jaded Music is a sole proprietorship owned by James Maxwell Stuart Collins. This Plaintiff is the copyright owner of at least one of the songs in this matter.

24. Defendant Katsaros, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Yorgos Restaurant and Lounge also known as Yorgos, located at 66 N Queens Street, Lancaster, Pennsylvania 17603, in this district (the "Establishment").

25. In connection with the operation of the Establishment, Defendant Katsaros, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

26. Defendant Katsaros, Inc. has a direct financial interest in the Establishment.

27. Defendant George Katsaros is the President of Defendant Katsaros, Inc. with responsibility for the operation and management of that corporation and the Establishment.

28. Defendant George Katsaros has the right and ability to supervise the activities of Defendant Katsaros, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

29. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 28.

30. Since August 2015, BMI has reached out to Defendants over twenty-five (25) times, by phone and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices,

4

providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

31.    Plaintiffs allege thirteen (13) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

32.    Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the thirteen (13) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

33.    For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

34.    For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

35. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

36. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

37. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

April 7, 2017

*/s/ Stanley H. Cohen*

Stanley H. Cohen
(I.D. No. 12095)
Caesar Rivise, PC
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
email: scohen@crbcp.com

Attorney for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Crocodile Rock |
| Line 3 | Writer(s) | Elton John; Bernie Taupin |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 11/17/72 |
| Line 6 | Registration No(s). | Efo 159444 |
| Line 7 | Date(s) of Infringement | 9/9/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Don't Take The Girl |
| Line 3 | Writer(s) | Craig M. Martin; Larry W. Johnson |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 10/7/93 |
| Line 6 | Registration No(s). | PA 675-193 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Dreams |
| Line 3 | Writer(s) | Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music |
| Line 5 | Date(s) of Registration | 4/1/77   8/22/77 |
| Line 6 | Registration No(s). | Eu 772675   Ep 373129 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Good Times a/k/a Rappers' Delight |
| Line 3 | Writer(s) | Nile Rodgers; Bernard Edwards |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; The Bernard Edwards Company LLC |
| Line 5 | Date(s) of Registration | 6/27/79   6/16/81 |
| Line 6 | Registration No(s). | PA 37-207   PA 108-303 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Inside Out |
| Line 3 | Writer(s) | James Maxwell Stuart Collins; Jonathan Lee Siebels; Anthony Edward Fagenson |
| Line 4 | Publisher Plaintiff(s) | Jonathan Siebels, an individual d/b/a Less Than Zero Music; Tony Fagenson, an individual d/b/a Southfield Road Music; James Maxwell Stuart Collins, an individual d/b/a Fake And Jaded Music |
| Line 5 | Date(s) of Registration | 6/18/98 |
| Line 6 | Registration No(s). | PA 896-254 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| Line 1 | Claim No. | 6 |
|---|---|---|
| Line 2 | Musical Composition | Me And Bobby McGee |
| Line 3 | Writer(s) | Kris Kristofferson; Fred Foster |
| Line 4 | Publisher Plaintiff(s) | Combine Music Corp. |
| Line 5 | Date(s) of Registration | 7/18/69 |
| Line 6 | Registration No(s). | Ep 260746 |
| Line 7 | Date(s) of Infringement | 9/9/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| Line 1 | Claim No. | 7 |
|---|---|---|
| Line 2 | Musical Composition | Mother And Child Reunion |
| Line 3 | Writer(s) | Paul Simon |
| Line 4 | Publisher Plaintiff(s) | Paul Simon, an individual d/b/a Paul Simon Music |
| Line 5 | Date(s) of Registration | 11/15/71 |
| Line 6 | Registration No(s). | Eu 292678 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| Line 1 | Claim No. | 8 |
|---|---|---|
| Line 2 | Musical Composition | Night Fever |
| Line 3 | Writer(s) | Barry Gibb, Robin Gibb, Maurice Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77   5/22/78   3/19/84   3/19/84 |
| Line 6 | Registration No(s). | Eu 761687  PA 5-305  PA 209-614  PAu 618-253 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | Welcome Back Kotter a/k/a Welcome Back |
| Line 3 | Writer(s) | John B. Sebastian |
| Line 4 | Publisher Plaintiff(s) | John Sebastian, an individual d/b/a John Sebastian Music |
| Line 5 | Date(s) of Registration | 3/11/76   5/21/76   7/12/76   7/23/76 |
| Line 6 | Registration No(s). | Eu 660212   Ep 352987   Ep 354828   Ep 355343 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Musical Composition | Workin' My Way Back To You |
| Line 3 | Writer(s) | Denny Randell; Sandy Linzer |
| Line 4 | Publisher Plaintiff(s) | Robert Gaudio and Frankie Valli, a partnership d/b/a Seasons Four Music; Screen Gems-EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 3/24/66   3/24/66 |
| Line 6 | Registration No(s). | Ep 214106   Eu 913110 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Musical Composition | You Keep Me Hangin' On |
| Line 3 | Writer(s) | Eddie Holland; Lamont Dozier; Brian Holland |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 8/8/66 |
| Line 6 | Registration No(s). | Ep 220063 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 12 |
| Line 2 | Musical Composition | Things We Do For Love a/k/a The Things We Do For Love |
| Line 3 | Writer(s) | Eric Stewart; Graham Gouldman |
| Line 4 | Publisher Plaintiff(s) | Man-Ken Music Ltd. |
| Line 5 | Date(s) of Registration | 1/4/77 |
| Line 6 | Registration No(s). | Eu 744296 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |

| | | |
|---|---|---|
| Line 1 | Claim No. | 13 |
| Line 2 | Musical Composition | Rehab |
| Line 3 | Writer(s) | Amy Winehouse |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music, Inc. |
| Line 5 | Date(s) of Registration | 3/15/07 |
| Line 6 | Registration No(s). | PA 1-167-207 |
| Line 7 | Date(s) of Infringement | 9/8/2016 |
| Line 8 | Place of Infringement | Yorgos Restaurant and Lounge a/k/a Yorgos |